**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

TRUSTEES OF THE LABORERS
INTERNATIONAL UNION OF NORTH AMERICA
LOCAL 1000 WELFARE, PENSION, ANNUITY,
VACATION and TRAINING FUNDS, and
LABORERS INTERNATIONAL UNION OF
NORTH AMERICA LOCAL 1000,

        Plaintiffs,

-against-

INTERCOUNTY PAVING ASSOCIATES, L.L.C.,

        Defendant.

---

Case No. 07 CIV 10284 (WCC)(GAY)

**ANSWER AND AFFIRMATIVE DEFENSES**

**DEFENDANT DEMANDS TRIAL BY JURY**

Defendant Intercounty Paving Associates, L.L.C. ("Intercounty" or "Defendant"), by and through its attorneys Cole, Schotz, Meisel, Forman & Leonard, P.A., as and for its Answer to the Complaint of plaintiffs Trustees of the Laborers International Union of North America Local 1000 Welfare, Pension, Annuity, Vacation and Training Funds and Laborers International Union of North America Local 1000 ("Local 1000" or "Plaintiffs"), hereby states, upon information and belief, as follows:

    1.    Defendant makes no response to the allegations contained in paragraph "1" of the Complaint inasmuch as the same calls for legal conclusions and Defendant therefore leaves Plaintiffs to their proofs.

## JURISDICTION

    2.    Defendant makes no response to the allegations contained in paragraph "2" of the Complaint inasmuch as the same calls for legal conclusions and therefore leaves Plaintiffs to their proofs.

47363/0081-3109008v2

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

## VENUE

4. Defendant makes no response to the allegations contained in paragraph "4" of the Complaint inasmuch as the same calls for legal conclusions and therefore leaves Plaintiffs to their proofs.

## THE PARTIES

5. Defendant makes no response to the allegations contained in paragraph "5" of the Complaint inasmuch as the same calls for legal conclusions and therefore leaves Plaintiffs to their proofs.

6. Defendant makes no response to the allegations contained in paragraph "6" of the Complaint inasmuch as the same calls for legal conclusions and therefore leaves Plaintiffs to their proofs.

7. Defendant makes no response to the allegations contained in paragraph "7" of the Complaint inasmuch as the same calls for legal conclusions and therefore leaves Plaintiffs to their proofs.

8. Defendant makes no response to the allegations contained in paragraph "8" of the Complaint inasmuch as the same calls for legal conclusions and therefore leaves Plaintiffs to their proofs.

9. Defendant makes no response to the allegations contained in paragraph "9" of the Complaint inasmuch as the same calls for legal conclusions and therefore leaves Plaintiffs to their proofs.

10. Defendant admits the allegations contained in paragraph "10" of the Complaint.

47363/0081-3109008v2

## FIRST CLAIM (CORPORATION UNDER § 515 OF ERISA)

11.     Defendant repeats, realleges, and reaffirms each and every response contained in the foregoing paragraphs as though fully set forth at length herein.

12.     Defendant denies the allegations contained in paragraph "12" of the Complaint and respectfully refers the Court to the documents referenced therein for a full and accurate statement of their contents.

13.     Defendant denies the allegations contained in paragraph "13" of the Complaint.

14.     Defendant denies the allegations contained in paragraph "14" of the Complaint.

15.     Defendant denies the allegations contained in paragraph "15" of the Complaint.

## SECOND CLAIM (UNDER LMRA)

16.     Defendant repeats, realleges, and reaffirms each and every response contained in the foregoing paragraphs as though fully set forth at length herein.

17.     Defendant denies the allegations contained in paragraph "17" of the Complaint and respectfully refers the Court to the documents referenced therein for a full and accurate statement of their contents.

18.     Defendant denies the allegations contained in paragraph "18" of the Complaint.

## THIRD CLAIM (AUDIT)

19.     Defendant repeats, realleges, and reaffirms each and every response contained in the foregoing paragraphs as though fully set forth at length herein.

20.     Defendant denies the allegations contained in paragraph "17" of the Complaint and respectfully refers the Court to the documents referenced therein for a full and accurate statement of their contents.

47363/0081-3109008v2

21. Defendant denies the allegations contained in paragraph "17" of the Complaint and respectfully refers the Court to the documents referenced therein for a full and accurate statement of their contents.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint.

23. Defendant denies the allegations contained in paragraph "23" of the Complaint.

## FOURTH CLAIM (INJUNCTION)

24. Defendant repeats, realleges, and reaffirms each and every response contained in the foregoing paragraphs as though fully set forth at length herein.

25. Defendant denies the allegations contained in paragraph "25" of the Complaint.

26. Defendant denies the allegations contained in paragraph "26" of the Complaint.

27. Defendant denies the allegations contained in paragraph "27" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for failure to state a cause of action upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs have failed to make diligent and good faith efforts to mitigate their purported damages, any relief awarded upon the claims in this action must be dismissed or reduced, in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed because Plaintiffs have failed to exhaust their administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver and/or accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The amounts sought by plaintiffs for attorneys' fees, auditors' fees, interest and liquidated damages are excessive and unreasonable under the circumstances.

### NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

### JURY DEMAND

Defendant hereby demands a trial by jury in this action.

47363/0081-3109008v2

WHEREFORE, defendant Intercounty Paving Associates, L.L.C. demands judgment against Plaintiffs dismissing their complaint with prejudice, awarding Defendant's attorneys' fees and costs incurred in the defense of this case, and granting all such other relief that the Court deems just, equitable and proper.

DATED:  New York, New York  
           January 28, 2008

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.  
A Professional Corporation

By:    /s/ Nolan E. Shanahan  
     Nolan E. Shanahan (NS-4598)  
     Attorneys for Defendant  
     Intercounty Paving Associates, L.L.C.  
     900 Third Avenue  
     16th Floor  
     New York, NY 10022-4728  
     (212) 752-8000

TO:

GELLERT & KLEIN, P.C.  
Attn: Stephen E. Ellers, Esq. (SE-3094)  
Attorneys for Plaintiffs  
Trustees of the Laborers International  
Union of North America Local 1000  
Welfare, Pension, Annuity, Vacation  
and Training Funds and Laborers International  
Union of North America Local 1000  
75 Washington Street  
Poughkeepsie, New York 12601  
(845) 454-3250

47363/0081-3109008v2