UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
TRUSTEES OF THE LABORERS INTERNATIONAL
UNION OF NORTH AMERICA LOCAL 1000
WELFARE, PENSION, ANNUITY, VACATION,
and TRAINING FUNDS, and LABORERS
INTERNATIONAL UNION OF NORTH AMERICA          **07 CIV 10284 (WCC)(GAY)**
LOCAL 1000,

                        Plaintiffs,

            - against -

INTERCOUNTY PAVING ASSOCIATES, L.L.C,

                        Defendant.
-------------------------------------------------------------------------------X

_____

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR INTEREST,
PENALTY INTEREST, ATTORNEYS' FEES, COSTS AND DISBURSEMENTS**
_____

GELLERT & KLEIN, P.C.
Stephen E. Ehlers
Attorneys for Plaintiffs
75 Washington Street
Poughkeepsie, New York 12601
(845) 454-3250

F:\USER\clients\L\LABORERS\Intercounty\2007 CASE\Legal\MOTION - ATTORNEYS FEES.wpd\March 10, 2008 (2:57pm)

## STATEMENT OF FACTS

_____Plaintiffs brought a claim pursuant to ERISA § 515, 29 U.S.C. § 1145 against defendant to recover delinquent contributions owed to plaintiffs employee benefit trust funds and dues owed to the Union.  Numerous letters seeking payment had been written to defendant and its counsel without results.   Legal action was filed herein on November 13, 2007.  Defendant paid the delinquency in the sum of $31,949.46 on December 20, 2007 for the months of April-July 2007 to bring itself current.  Defendant thereafter filed its answer on January 28, 2008.  Efforts to resolve plaintiffs' entitlement to relief under § 502(a)(2) of ERISA were not successful necessitating this motion.


## PLAINTIFFS ARE ENTITLED TO RECOVER THEIR INTEREST,

## PENALTY INTEREST, ATTORNEYS' FEES, COSTS AND DISBURSEMENTS

ERISA §502(g)(2), 29 U.S.C. 1132(g)(2) provides:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan -
(A)      the unpaid contributions,
(B)      interest on the unpaid contributions,
(C)      an amount equal to the greater of-
    (i)      interest on the unpaid contributions, or
    (ii)      liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D)      reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E)  such other legal or equitable relief as the court deems appropriate.

Section 502(g)(2) should be contrasted with ERISA § 502(g)(1), 29 U.S.C. 1132(g)(1) which applies to other actions brought under Title I of ERISA such as clams for benefits.  It is not applicable to actions for unpaid contributions.

If plaintiffs prevail on a claim for unpaid contributions, ERISA mandates an award of interest, attorneys' fees and costs and disbursements. This litigation ensued after informal efforts to secure the delinquency were unsuccessful. The litigation resulted in payment to the Trustees. See United Retail and Wholesale Employees v. Yahn & McDonnell, Inc., 787 F.2d 128 (3d Cir. 1986), aff'd 481 U.S. 735 (1987); Plumbers' Pension Fund Local 130 v. Domas Mech. Contractors, Inc., 778 F.2d 1266 (7th Cir. 1985); Operating Engineers Pension Trust v. Reed, 726 F.2d 513 (9th Cir. 1984); and Carrier's Container Counsel, Inc. v. Mobile Steamship Association, Inc., 896 F.2d 1330 (11th Cir. 1990). Defendant has now acknowledged that contributions were due and has paid them to the plaintiff Funds.

Plaintiffs are therefore entitled to an award of interest, penalty interest, reasonable attorneys' fees and costs and disbursements. Although the amount of any such award rests within the Court's discretion, the award itself is mandatory. Building Service 32 B-J Pension Fund v. Vanderveer Estates Holding, LLC, 121 F.Supp.2d 750, 758 (S.D.N.Y., 2000). See also DeVito v. Hempstead China Shop, 831 F.Supp. 1037, 1042 (EDNY 1993), Benson v. Brower's Moving & Storage, 907 F.2d 310, 316 (2d Cir. 1990); Local 445 Welfare Fund v. Wein, 855 F.2d 62, 64 (2d Cir. 1988); Brentwood Financial Corp. v. Western Conference of Teamsters Pension Trust Fund, 902 F.2d 1456 (9th Cir. 1990).

The factors to be considered by the Court in deciding whether to award attorneys fees under ERISA 502(g)(1), 29 U.S.C. § 1132(g)(1), and as described in Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987) do not apply here. It is respectfully submitted that there is no need for an analysis of the Chambless factors.

In Hensley v. Eckerhart, 461 U.S. 424 (1983), the Supreme Court ruled that in fee shifting cases, plaintiffs are entitled to attorneys' fees, if they succeed on any significant

issue in litigation which achieves some of the benefit the parties sought in bringing suit. 461 U.S. at 433.  See also Texas State Teachers v. Garland Indep. School Dist., 489 U.S. 782, 109 S. Ct. 1486, 1493 (1989).   Plaintiffs have now secured a payment from defendants for $31,949.46 in delinquent contributions without interest.  Plaintiffs are clearly prevailing parties within the meaning of Hensley and are therefore entitled to a fully compensatory fee.   The relief obtained is also clearly substantial within the meaning of Hensley,  The Second Circuit has rejected the notion that an award of attorney's fees must be proportional to the amount of damages recovered.   Although here the recovery is substantial.  Quarantino v. Tiffany & Co., 166 F.3d 422 (2d Cir. 1999).

In Quarantino at page 426, the Second Circuit also reaffirmed the use of the lodestar approach to attorneys' fees and rejected the billing judgment test under which some kind of proportionality review is exercised.  The court noted that:

> Congress enacted fee-shifting statutes to compensate 'private attorney[s] general' and thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole.  (Cites omitted) The public interest in private civil rights enforcement is not limited to those cases that push the legal envelope; it is perhaps most meaningfully served by the day-to-day private enforcement of these rights, which secures compliance and deters future violations.   Congress meant reasonable attorney's fees to be available to the private attorneys general who enforce the law, not only to those whose cases make new law.

In Blum v. Stenson, 465 U.S. 886, 895 (1984), the Supreme Court held that the fee should be set by applying prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or unpaid counsel.  In Missouri v. Jenkins, 491 U.S. 274, 286 (1989) the Court stated that a fully  compensable fee must be calculated by evaluating what is traditional with attorneys compensated by a fee-paying client and noted the traditional billing practices in the profession, and the fundamental principle that the

award of a reasonable attorney's fee means a fee that would be deemed reasonable if billed to affluent plaintiffs by their own attorneys.

The rule in Southern District litigation is that New York City billing rates are determinative. Stewart v. Barclay's Business Credit, Inc., 860 F.Supp. 150 (S.D.N.Y. 1994) aff'd. 54 F.3d 766 (2d Cir. 1995). The relevant community for rate setting purposes is the judicial district in which the trial court sits, not where counsel's office is. In re Agent Orange Product Liability Litigation, 818 F.2d 226, 232 (2d Cir. 1987) cert. den. 108 S.Ct. 289. Counsel in outlying counties are not to be awarded reduced hourly rates because their offices are outside the city.

In Maddalone v. United Brotherhood of Carpenters, 1999 WL 269913 (S.D.N.Y May 4, 1999), the Court awarded plaintiffs counsel $340 and $300 per hour. In Dailey v. Societe Generale, 915 F.Supp. 1315 (S.D.N.Y. 1996) the Court found that an attorney was entitled to $275 per hour. In 1994, this Court awarded a plaintiffs' attorney $275 per hour. Ragin v. Harry Macklowe Real Estate Co., 870 F.Supp. 510 (S.D.N.Y. 1994). See also Mendez v. Teachers Insurance, 982 F.2d 783 (2d Cir. 1992) ($260 per hour found not to be in abuse of discretion in an ERISA action), Ginsburg v. Valhalla Anesthesia, 1998 WL199987, (S.D.N.Y. 1998) ($300 per hour reasonable for a lead attorney, $250 per hour reasonable for a partner who was an associate during a portion of the litigation), Lent v. Targre Painting Company, 1995 WL49292 (S.D.N.Y. 1995) (attorneys fees from $200 through $225 per hour found reasonable), O'Rourke v. Pitney Bowes, Inc., 1997 WL716117 (S.D.N.Y. 1997) ($225 per hour found appropriate for sole practitioner), Citrin v. Erikson, 918 F.Supp. 792 (S.D.N.Y. 1996) ($250 per hour for lead attorney found appropriate. Citrin also stands for the proposition that use of computerized printout of attorneys hours from contemporaneous time records is appropriate.) See also Perishable

F:\USER\clients\L\LABORERS\Intercounty\2007 CASE\Legal\MOTION - ATTORNEYS FEES.wpd\March 10, 2008 (2:57pm)

<u>Food Industry Pension Fund v. American Banana</u>, 2003 U.S. Dist. Lexis 11298 S.D.N.Y.

2003 noting that a court can take judicial notice of rates being charged and finding $275

per hour reasonable.


## CONCLUSION

It is respectfully suggested that plaintiffs be granted judgment against defendant as

follows together with such other and further relief as the Court deems just and proper:

| | | |
|---|---|---|
| 1. | Interest | $1,421.51 |
| 2. | Penalty Interest | $1,421.51 |
| 3. | Attorney's fees<br>15.7 hours x $275 per hour | $4,317.50 |
| 4. | Costs per statute 28 U.S.C. § 1923 | $    20.00 |
| 5. | Attorney's Disbursements | $    419.36 |
| 6. | Total Interest, Penalty Interest Fees<br>and Expenses, | $7,599.88 |

Dated:   March 14, 2008

GELLERT & KLEIN, P.C.

 /s/
STEPHEN E. EHLERS (SE 3094)
Attorneys for Plaintiff
75 Washington Street
Poughkeepsie, NY 12601
(845) 454-3250

TO:

Nolan Shanahan, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
25 Main Street - P.O. Box 800
Hackensack, NJ  07602-0800